[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff was the operator of his Ford vehicle on October 20, 1993 and was properly stopped in traffic on North Nabby Road in Danbury, Connecticut at approximately 4:00 p. m. At that time, the defendant, Gary J. Blennis, was operating his van to the rear of plaintiff's vehicle and failed to keep his vehicle, owned by the defendant, Sippin Brothers Oil Company, Incorporated, under proper and reasonable control so as to avoid colliding with plaintiff's vehicle. The defendants' vehicle struck plaintiff's vehicle with such force that it drove its rear bumper into the left rear quarter panel and forced the bumper away from the right rear quarter panel even though the plaintiff had started to move CT Page 3497 his vehicle forward in anticipation of the collision.
The plaintiff at the time of the collision was fifty-three years old without medical problems with his neck and shoulders. He was working a the time for American National Can Co., setting up machines to print can labels.
As a result of the collision, the plaintiff sustained neck and shoulder injuries, with symptoms of pain in his neck and shoulder area and headache. The plaintiff sought treatment at Brookfield Family Medicine on October 20, 1993 for neck and shoulder pain, and was diagnosed with cervical strain an sprain. He returned on December 23, 1993, April 24, 1994, May 17, 1994 August 19, 1994, August 27, 1994, and then September 20, 1994, when he was referred for physical therapy, after there was no significant relief being experienced by plaintiff from the chronic neck and shoulder discomfort associated with the cervical strain and sprain approximately caused by the subject collision. The initial physical therapy was performed at Danbury Hospital between October 28, 1994 and December 15, 1994. In February of 1995, plaintiff continued to experience chronic neck and shoulder discomfort, and was referred to Rehabilitation Specialists of Greater Danbury. He described his discomfort at that time as "constant tightness in the neck, upper back and shoulder area, greater on the left than the right." This series of physical therapy sessions continued to May of 1995. Plaintiff suspended these sessions at that time because of work attendance demands. Plaintiff returned on March 13, 1996 with continued chronic pain in the neck and shoulder area. Plaintiff was treated for four months, then suspended treatment until August 19, 1996, when he returned with continued neck problems. He continued with a program of physical therapy and triggerpoint needling until November of 1996 when it was felt that "physical therapy had done about as much as it could on a regular basis." Other modes of treatment were prefaced by "might" or "perhaps."
The plaintiff continues to have chronic neck pain. As a result, it is hard for him to stretch and makes it difficult for him to sleep. He is still working, but it is difficult for him to do lifting or bending. Because of his symptoms, he can only perform limited yard work and woodworking. His principal recreation before the subject accident was deep-sea fishing. Because of the chronic neck pain, he is unable to participate in this recreation except in a very limited way. CT Page 3498
The plaintiff's chronic neck pain has been relatively continuous since the day of the accident, and the court, based on the plaintiff's continuous pain, finds that this condition is a permanent one. The plaintiff has a life expectancy of 20.8 years.
The medical specials incurred by the plaintiff as shown in Exhibits 1-4 are as follows:
 Brookfield Family Medicine $ 340.00 Danbury Hospital 1,220.32 Prescriptions 122.66 Rehabilitation Specialists of Danbury 8,820.00
Total $ 10,502.98
The plaintiff has failed to prove permanent disability, and therefore there is no award for permanent disability. The court, however, in its award of noneconomic damages does include the element of future pain and suffering for plaintiffs continuing neck pain.
Judgment may enter on the first count of the complaint in favor of the plaintiff against the defendants, Gary J. Blennis and Sippen Brothers Oil Company, Incorporated, as follows:
 Economic Damages $ 10,502.98 Non-economic Damages 50,000.00
Total Damages $ 60,502.98
Judgment may enter in favor of the defendants on the second count the plaintiff having failed to sustain his burden of proof on the second count of his complaint.
Stodolink, J.